## McKenney *vs.* Dingley.

In order to avoid a sale of goods on the ground of false and fraudulent conduct in the vendee, in representing himself to be a man of good property and credit when he was not so ; it is competent for the vendor, in addition to the direct proof of the case, to give evidence of similar false pretences successfully used to other persons, in the same town, about the same time, to shew a general plan to amass property by fraud.

This was an action of replevin for a horse, which one *Reed* purchased of the plaintiff on credit, *July* 12, 1824, and which the defendant claimed to have bought fairly of *Reed*. The plaintiff sought to avoid the sale and reclaim the horse, on the ground that it was obtained from him by means of false and fraudulent representations made by *Reed* respecting his own property, credit, and responsibility, and that the defendant was party to the fraud. At the trial, before the Chief Justice, the plaintiff, having proved the false representations made personally by *Reed* to himself, proposed, with a view to connect him with *Dingley*, to prove that *Reed*, on the 9th and 10th, and on one or two other days in *July*, and also on the 19th day of *August*, had made similar false repre-

sentations to other persons, from whom he had succeeded in obtaining goods to the amount of between four and five thousand dollars.   This evidence was objected to, but the Chief Justice admitted it, as tending to shew a fraudulent intention to obtain the possession of a great quantity of goods without payment ; instructing the jury, first to consider and decide whether the representations made to the plaintiff were false and fraudulent, with intent to gain possession of his horse and not to pay for him ; and then to ascertain whether the false representations made to the others were made for similar purposes ; and whether they all were parts of a plan formed by *Reed,* to defraud the parties of their property.    If they should be satisfied of the existence of such fraudulent design and of its execution on the part of *Reed,* then he instructed them to inquire and decide whether *Dingley* was acquainted and connected with it ; and whether the transfer of the horse from *Reed* to him by exchange was made to render the original fraud effectual, under the appearance of a fair purchase.    If so, then this action was maintainable against *Dingley*; but if he was innocent of the fraud, and purchased the horse for a valuable consideration, without notice, they ought to find for the defendant.

The jury found for the plaintiff ; and informed the court that independently of the false representations made to others, those made to the plaintiff by *Reed* were false and fraudulent, and made with the design to cheat him out of his property ; and that *Dingley* was assenting to and connected with the fraud.    The verdict was taken subject to the opinion of the court upon the question whether the evidence was properly admitted, and the jury correctly instructed.

The cause having been submitted without argument, by *Fessenden* and *Deblois* for the plaintiff, and *Longfellow* and *Adams* for the defendant, the opinion of the court was delivered at the following *September* term in *Lincoln,* by

Mellen C. J.    In the case of *Seaver v. Dingley* lately decided in the county of *Kennebec,* we have had occasion to examine the

principal facts disclosed in the report before us ; and have pronounced our opinion upon the objections made to the decisions and instructions of the Judge in that cause, which are nearly the same as those reserved as the basis of the motion for a new trial of this. Upon the general questions, therefore, which have been argued, as to the admissibility of evidence, we refer to our opinion in *Seaver v. Dingley*, and the grounds on which we have placed it. In that case we overruled all objections and entered judgment on the verdict in favor of the plaintiff. In the case before us, the facts, in some respects, are much stronger for the plaintiff than they were in that. For in addition to the fact found by the jury, that *Reed* had formed a plan fraudulently to obtain as many goods as he could in *Portland*, by purchases of a number of persons; and that the several purchases which he made, including that of the horse, were parts of such plan ; it appears by the special inforformation to the court, given by the foreman of the jury, that independently of the false representations made to others, they found that the representations made by *Reed* to the plaintiff, at the time of purchasing the horse in question, were false and fraudulent, and made with the view of obtaining credit, and getting possession of the horse, and never paying for him. This evidence alone is enough to maintain the action, without proof of the false and fraudulent representations made to others ; and therefore, even if the proof which was admitted as to them had been improperly admitted, it is very questionable whether the verdict ought to be disturbed ; but we all think it was properly admitted, and that the instructions of the judge were correct, both as to the alleged plan to defraud, and the alleged knowledge of it on the part of *Dingley*, and his connection with it. There must be                               *Judgment on the verdict.*